UNITED STATES ex rel. TENNESSEE
VALLEY AUTHORITY v. BRANDON
et al.

No. 10082.

Circuit Court of Appeals, Sixth Circuit.

Feb. 12, 1946.

Charles J. McCarthy, of Knoxville, Tenn., for petitioner.

Ben West, of Nashville, Tenn., for respondents.

Before SIMONS, ALLEN, and MILLER, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and oral argument of counsel;

And it appearing that the appellant attacks the award of a statutory three-judge court made in a condemnation proceeding instituted under § 25 of the Tennessee Valley Authority Act, 16 U.S.C. § 831x, 16 U.S.C.A. § 831x, by the United States for the use and benefit of the Tennessee Valley Authority;

And it appearing that a commission duly appointed to take testimony and to determine the value of the property, being the fee in 435 acres and an easement in 18.4 acres of appellees' farm, awarded appellees $26,740, while the three-judge court hearing the case de novo under the statute made an award of $26,650;

And it appearing that while 16 U.S.C. § 831x, 16 U.S.C.A. § 831x, provides that this court shall dispose of the appeal upon the record, without regard to the awards or findings theretofore made by the commissioners or the district judges, we need not blind ourselves "to the special advantages of the tribunals below in evaluating the evidence," United States ex rel. Tennessee Valley Authority v. Powelson, 319 U.S. 266, 273, 63 S.Ct. 1047, 1051, 87 L.Ed. 1390; Fain v. United States ex rel. Tennessee Valley Authority, 6 Cir., 145 F.2d 956, 959;

And it appearing that the commission personally inspected this property three times, and that experienced farmers, acquainted with the property, an assistant cashier and bank appraiser who had examined it for the purpose of making loans, on at least two occasions, and several lumbermen familiar with timber values in the locality, gave testimony which supports the aggregate conclusion of each of the lower tribunals;

And it appearing that no reversible error was committed in the exclusion of the additional testimony proffered by the appellant before the three-judge court, for the reason that the evidence sought to be

782

introduced was available to the Tennessee Valley Authority at the time the hearing was held before the commission, but was not then offered; and it appearing that no reasonable excuse has been given for the failure to offer it before the commission, and that the receipt of such supplemental testimony is discretionary with the court, 16 U.S.C. § 831x, 16 U.S.C.A. § 831x, cf. United States v. Travis, D.C.W.D.Ky., 37 F.Supp. 336: Wherefore,

■ The value of the property is fixed at $26,650, and judgment is rendered for the appellee in such amount, with interest at six per cent annum on that portion of the award, if any, not heretofore paid into court, from the date of the taking of the property of the appellees by the appellant.